UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>CARLOS GUERRERO (1),<br><br>               Defendant. | Case No.<br><br>I N F O R M A T I O N<br><br>Title 18, U.S.C., Sec. 371 –<br>Conspiracy to Commit Wire and<br>Electronic Communication<br>Interception and Sale of<br>Interception Devices; Title 18,<br>U.S.C., Secs. 982(A)(2)(b),<br>982(b), and 2513, and Title 28,<br>U.S.C., Sec. 2461(c) – Criminal<br>Forfeiture |

The United States Attorney charges:

Count 1 – Conspiracy

(18 U.S.C. § 371)

1.   Beginning on a date unknown but no later than August 2014, and continuing until in or around June 2017, in the Southern District of California and elsewhere, defendant CARLOS GUERRERO and co-conspirator DANIEL MORENO, charged elsewhere, did knowingly and intentionally conspire to commit offenses against the United States, to wit: a) interception of wire and electronic communications, namely, to

intentionally intercept, endeavor to intercept, procure another person to intercept, and procure another person to endeavor to intercept the contents of one or more communications and the interception was done or attempted using an electronic, mechanical, and other device, and the targeted communication and communications were wire or electronic communications, in violation of Title 18, United States Code, Section 2511(1)(a); and b) sale of interception devices, namely to intentionally manufacture, assemble, possess, and sell a device, knowing and having reason to know that the design of the device rendered it primarily useful for the purpose of the surreptitious interception of wire and electronic communications, and such device and any component thereof has been or will be sent through the mail or transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 2512(1)(b).

<u>OVERT ACTS</u>

2.   In furtherance of the conspiracy, the following overt acts, among others, were committed within the Southern District of California and elsewhere:

a.   On August 7, 2014, GUERRERO and MORENO separately entered the U.S. via the San Ysidro Port of Entry to meet with representatives of Company A at a San Diego hotel to discuss Company A's surveillance equipment.

b.   In December 2015, GUERRERO facilitated the interception of the phone calls of a business competitor while he was in Southern California.

c.   In 2016 and 2017, GUERRERO and MORENO successfully arranged for individual clients in the United States and Mexico to gain

unauthorized access to cell phone wire communications and electronic communication accounts located in the United States.

All in violation of Title 18, United States Code, Section 371.

FORFEITURE ALLEGATIONS

3.   The allegations contained in paragraphs 1 through 2 and Count 1 of this Indictment are realleged and incorporated by reference for the purpose of alleging forfeiture to the United States pursuant to Title 18, United States Code, Sections 982(a)(2)(B), and 2513, and Title 28, United States Code, Section 2461(c).

4.   Upon conviction of the offense set forth in Count 1, defendant CARLOS GUERRERO and co-conspirator DANIEL MORENO, charged elsewhere, shall forfeit to the United States all rights, title and interest in any and all property, real and personal, constituting or derived from proceeds defendants obtained directly or indirectly as the result of such violation; any property, real and personal, involved in the offense and any property traceable to such property; any personal property used or intended to be used to commit or to facilitate the commission of the violations; and any electronic, mechanical and other devices used, sent, carried, manufactured, assembled, possessed, sold or advertised in connection with the offense.

5.   Pursuant to Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c) which incorporates the provisions of Title 21, United States Code, Section 853(p), the defendants shall forfeit substitute property, up to the value of the properties described above, if, as a result of any act or omission of the defendants, the property described above, or any portion thereof,

cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of this court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All pursuant to Title 18, United States Code, Sections 982(a)(2)(B), 2513 and Title 28, United States Code, Section 2461(c).

        DATED: February 15, 2022.

                                        RANDY S. GROSSMAN
                                        United States Attorney

                                        *Sabrina L. Feve*
                                        SABRINA L. FEVE
                                        Assistant U.S. Attorney

4