RANDY S. GROSSMAN
Acting United States Attorney
SABRINA L. FEVE
Assistant United States Attorney
California Bar No. 226590
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-6786
Email: Sabrina.Feve@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22CR0280-JLS |
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| CARLOS GUERRERO (1), | |
| Defendants. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, Acting United States Attorney, and Sabrina L. Fève, Assistant United States Attorney, and Defendant Carlos Guerrero, with the advice and consent of Pedro Bernal Bilse, counsel for Defendant, as follows:

I

## THE PLEA

Defendant agrees to waive Indictment and plead guilty to an Information charging Defendant with:

>  Beginning on a date unknown but no later than August 2014, and continuing until in or around June 2017, in the Southern District of California and elsewhere, defendants CARLOS GUERRERO and DANIEL MORENO did knowingly and intentionally conspire to commit offenses against the United States, to wit: a) interception of wire and electronic communications, namely, to intentionally intercept, endeavor to intercept, procure another person to intercept, and procure another

Plea Agreement                                                Def. Initials  CG

person to endeavor to intercept the contents of one or more communications and the interception was done and attempted using an electronic, mechanical, and other device, and the targeted communication and communications were wire or electronic communications, in violation of Title 18, United States Code, Section 2511(1)(a); and b) sale of interception devices, namely to intentionally manufacture, assemble, possess, and sell a device, knowing and having reason to know that the design of the device rendered it primarily useful for the purpose of the surreptitious interception of wire and electronic communications, and such device and any component thereof has been or will be sent through the mail or transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 2512(1)(b).

All in violation of Title 18, United States Code, Section 371

In exchange for Defendant's guilty plea, the Government agrees not to prosecute Defendant for conspiring to violate 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i), unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

Defendant further agrees to forfeit to the United States the sum of $25,000 as proceeds he personally obtained from the offense. The forfeiture is more fully set forth in Section X(G) below.

This plea agreement is part of a "package" disposition as set forth in Section VI.E below

## II

### NATURE OF THE OFFENSE

A.  ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty has the following elements:

**18 U.S.C § 371**

1. There was an agreement between two or more persons to commit at least one crime, as charged in the Information;

Def. Initials *CB*

2. Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

3. One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. At all relevant times, defendant owned a consortium of U.S. and Mexican companies that included Elite by Carga. During this period, Daniel Moreno worked for Elite by Carga and the other companies that belonged to Defendant's consortium.

2. Prior to August 2014, Defendant agreed with one or more other persons, including co-defendant Daniel Moreno, to sell, distribute, and use devices whose primary use and design was to surreptitiously intercept wire, electronic, and stored communications. Defendant, along with Moreno and others, also engaged in the sale, distribution, and use of these devices for commercial advantage and financial gain.

3. On August 7, 2014, Defendant and Moreno met with representatives of an Italian company (Company A) in San Diego regarding interception devices manufactured by Company A. Company A sales materials described the devices, which originated from Italy, as allowing users to "[h]ack into your targets['] ....wireless network" to intercept communications and geolocate targets. Company A demonstrated the devices to Defendant and Moreno at their initial San Diego meeting.

3

Def. Initials *CO*

Following the meeting, Defendant and Moreno agreed that Elite by Carga would become a Mexican sales representative for Company A.

4. After entering this agreement, Defendant and Moreno, through Elite by Carga, earned commissions brokering the sale of Company A's interception devices to the Mexican state governments of Baja and Durango. To facilitate the sales, Defendant repeatedly arranged for Elite by Carga employees to transport Company A representatives and devices between San Diego and Mexico.

5. Defendant understood that the Company A interception equipment sold to Mexican clients could and likely would be used for political purposes, not just for law enforcement purposes. Defendant knew this, in part, because Defendant arranged for the Mayor of a town in the Mexican state of Morelos to gain unauthorized access to the U.S.-based Twitter, Hotmail, and iCloud accounts of a political rival.

6. Defendant also knew that Company A's devices were used for commercial, rather than law enforcement, purposes because, in December 2015, Defendant and Moreno successfully used an interception device to intercept the phone calls of a business competitor to benefit Defendant's consortium. The interception of Defendant's competitor's cellular phone occurred while the competitor was in both Mexico and Southern California.

7. In addition to working with Company A, Defendant directed Moreno to develop relationships with other international vendors that, like Company A, sold interception devices and hacking services. Through these contacts, Defendant and Moreno marketed other providers' devices and services to clients in Mexico and the United States and Elite by Carga marketing materials advertised the monthly

Def. Initials C♂

rate for access to these devices and services as approximately $25,000 USD.

8. In particular, in 2016 and 2017, Defendant and Moreno worked together to market signal jammers, Wi-Fi interception tools, IMSI catchers, and the ability to hack WhatsApp messages, in addition to the geolocation and cell phone interception services Defendant and Moreno sold on behalf of Company A. Because Defendant, Moreno, and Elite by Carga imported these devices and services from Italy, Israel, and other foreign countries, Defendant knew and understood that these devices were transported in foreign commerce.

9. During 2016 and 2017, Defendant and Moreno successfully arranged for individual clients in the United States and Mexico to gain unauthorized access to cell phone wire communications and electronic communication accounts located in the United States. For example, in February 2017, one or more Elite by Carga employees agreed to hack the phone and email account of a Florida-based sales representative of a large Mexican business in exchange for an approximately $25,000 payment from the Mexican business.

### III

### **PENALTIES**

The crime to which Defendant is pleading guilty carries the following penalties:

A. a maximum 5 years in prison;
B. a maximum $250,000 fine;
C. a mandatory special assessment of $100 per count; and
D. a term of supervised release of up to 3 years. Failure to comply with any condition of supervised release may result in

Def. Initials C6

revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release.

## IV
### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F. Not testify or have any adverse inferences drawn from the failure to testify.

## V
### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this

Def. Initials C6

information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened Defendant or Defendant's family to induce this guilty plea.

D. Defendant is pleading guilty because Defendant is guilty and for no other reason.

E. The disposition contemplated by this agreement is part of a "package" disposition with codefendant Daniel Moreno. If any defendant in the package fails to perform or breaches any part of their agreement, no defendant can withdraw their guilty plea, but the Government is relieved from and not bound by any terms in any agreements in the package.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will

Def. Initials C6

bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

## **APPLICABILITY OF SENTENCING GUIDELINES**

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

## **SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not

Def. Initials C6

binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

# X

## PARTIES' SENTENCING RECOMMENDATIONS

A. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

1. Base Offense Level [§ 2H3.1(a)(1)]        9
2. Commercial Advantage/Economic Gain        +3
   [§ 2H3.1(b)]
3. Acceptance of Responsibility [§ 3E1.1]    -2

B. ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;
2. Falsely denies prior criminal conduct or convictions;
3. Is untruthful with the Government, the Court or probation officer; or
4. Fails to timely pay the $25,000 forfeiture to the United States; or

5. Breaches this plea agreement in any way.

C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government will recommend that Defendant be sentenced to the low end of the advisory guideline range recommended by the Government at sentencing.

G. SPECIAL ASSESSMENT/FINE/FORFEITURE

1. Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or

Def. Initials C6

cashier's check or money order made payable to the "Clerk, United States District Court."

2.   Fine

The parties will not recommend imposition of a fine given Defendant's forfeiture agreement.

3.   Forfeiture

Defendant agrees to forfeit the $25,000 payment his business received in or about February 2017. Defendant agrees he will deliver a cashier's check in the amount of $25,000 payable to "Customs and Border Protection" bearing his name, case number, and noting it is for payment of a forfeiture pursuant to a plea agreement. Defendant agrees that the United States may process this payment for forfeiture criminally, civilly, or administratively and Defendant waives all rights to notice and all rights to contest the forfeiture on any grounds. Defendant agrees the United States may process the forfeiture under any statutory basis it deems appropriate.

Defendant consents and agrees to the immediate entry of an order of forfeiture upon entry of the guilty plea(s). Defendant further agrees that upon entry of the order of forfeiture, such order will be considered final as to defendant. Defendant agrees to immediately withdraw any claims to property directly or indirectly related to the criminal conduct seized in connection with this case in any pending administrative and civil forfeiture proceeding, and consents to the forfeiture of all properties seized in connection with this case to the United States. Defendant agrees to execute any and all documents requested by the Government to facilitate or complete the forfeiture process. Defendant further agrees not to contest or to assist any other

person or entity in contesting the forfeiture of the property seized in connection with this case. Defendant further agrees that the forfeiture judgment imposed by the Court will be (i) subject to immediate enforcement, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the Defendant receives may be offset and applied to the outstanding balance on the forfeiture.

Defendant consents and agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea(s).

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution

of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns.

H.   SUPERVISED RELEASE

If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least 2/3 of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order: up to $50,000. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exceptions are 1) Defendant may appeal a custodial sentence above the high end of the guideline range recommended by the Government at sentencing (if USSG § 5G1.1(b) applies, the high end of the range will be the statutorily required mandatory minimum sentence), and 2) Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

Def. Initials  C6

## XII

## BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1. Failing to plead guilty pursuant to this agreement;
2. Failing to fully accept responsibility as established in Section X, paragraph B, above;
3. Failing to appear in court;
4. Attempting to withdraw the plea;
5. Failing to abide by any court order related to this case;
6. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or
7. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence

Def. Initials C6

than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

## CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//

## XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

RANDY S. GROSSMAN
Acting United States Attorney

12/0/21
DATED

SABRINA L. FEVE
Assistant U.S. Attorney

12/6/21
DATED

PEDRO BERNAL BILSE
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

12/6/21
DATED

CARLOS GUERRERO
Defendant

Approved By:

JOHN N. PARMLEY
Assistant U.S. Attorney

17

Def. Initials ____